IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **ERICA GREVIOUS** | ) | |
| | ) | |
| **Plaintiff,** | ) | 2:24-cv-00742-SMD |
| | ) | |
| v. | ) | 2:2024-cv-_____ |
| | ) | |
| **ENTERPRISE HOLDINGS, INC.;** | ) | |
| **ENTERPRISE LEASING COMPANY-SOUTH CENTRAL,** | ) | |
| **LLC; ENTERPRISE MOBILITY** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW**, Plaintiff Erica Grevious, by and through undersigned counsel, and for want of prosecution, files this complaint in the above-styled cause against defendants Enterprise Holdings, Inc., Enterprise Leasing Company-South Central, LLC and Enterprise Mobility, pursuant to applicable federal law, more specifically Family Medical Leave Act of 1993, (FMLA), Title 29 U.S.C. § 2601 *et seq.* alleging FMLA retaliation in violation of Section 2615(a)(2) and (b).

### NATURE OF THIS ACTION

1.      This is an action seeking redress from unlawful employment practices by the defendants that have resulted in deprivation of rights, secured and guaranteed unto the plaintiff by the laws of the United States of America. The plaintiff brings a private cause of action for equitable and money damages against the defendants employer for allegedly violating section 2615.

### JURISDICTION AND VENUE

2.      Subject Matter Jurisdiction of this court is invoked pursuant to, and in accordance with, the provisions of Title 28 U.S.C. §§ 1331 and 1343 (3), this being an action to redress

deprivation of rights secured unto the plaintiffs pursuant to the laws and Constitution of the United States of America, namely Family Medical Leave Act of 1993, (FMLA), Title 29 U.S.C. § 2601 *et seq.* The Court has Personal Jurisdiction of the parties to this action.

3. Venue is appropriate pursuant to Title 28 U.S. C. § 1391(b).

## THE PARTIES

4. The plaintiff avers that she is over the age of nineteen (19) years. All actions complained of herein by the plaintiff against the defendants occurred in this Judicial District. At all times material hereto, there existed an employer-employee relationship between the plaintiff and the defendants.

5. Plaintiff avers that upon information and belief, at all times material hereto, Enterprise Holdings, Inc., Enterprise Leasing Company-South Central, LLC and Enterprise Mobility are the owners and operators of Enterprise Rent-A-Car at its Montgomery, Alabama and the River Region. Plaintiff avers that at all times material hereto, Enterprise Holdings, Inc. boasts a "World Headquarters" at 600 Corporate Park Drive, St. Louis, Missouri 63105. The plaintiff furthers avers that upon information and belief, Enterprise Leasing Company-South Central, LLC and Enterprise Mobility are wholly owned subsidiaries and/or affiliate of Defendant Enterprise Holdings, Inc. and Enterprise Holdings, Inc. is their parent company, serving the River Region and several counties beyond Montgomery. Enterprise Leasing Company-South Central, LLC principal place of business is at 100 Capitol Commerce Parkway, Montgomery, Alabama.

## *PLAINTIFF'S FACTUAL ALLEGATIONS*

Plaintiff incorporates all the allegations contained in paragraphs one (1) through five (5) of this complaint, and further shows this Honorable Court as follows, to-wit:

6. At all times material hereto, the defendants were doing business in Montgomery County, Alabama in operating Enterprise Rent-A-Car and Enterprise Mobility.

7. Plaintiff avers that at all times material hereto, she was employed with the defendants and had been so employed since on or about May 18, 2011. The plaintiff is employed in a managerial capacity, specifically as a Branch Manager. Plaintiff further avers that on or about August 22, 2022, she had surgery and invoked her right to FMLA leave of absence from her employment with the defendants. When she attempted to return to work, she was transferred without notice from Montgomery to an hour's commute away. On o about Friday, December 9, 2022 she was told by he Area Rental Manager for the Defendants' Montgomery River Region, Region 55EE, Adrian Bradley that was being transferred to Demopolis/Selma locations. When the plaintiff inquired about/expressed concerns about her transfer being abruptly and unduly disruptive considering that she is a single parent to a 5th/6th grade daughter and how such a transfer created an undue hardship and in violation of defendants' policy, Bradley replied that he does not know what she is going to do other than she has one (1) work week to ten (10) days to figure it out. Plaintiff avers that she had the arduous task of starting the defendants Selma/Demopolis location on or about December 19th. Plaintiff avers that in November 2023, she has foot surgery and returned to work with restrictions. The plaintiff avers that she again invoked her right to FMLA. The defendants have not complied with the plaintiff's restrictions when she returned to work in January 2024. Indeed, plaintiff avers that she has sought openings in Montgomery for Branch Manager to the East South Blvd and Downtown branches. She interviewed and was the only Branch Manager applicant. As such plaintiff submits that was the sole applicant with the requisite KSA, (Knowledge Skill and Ability). Plaintiff avers that the defendants represented that because she had been out sick they did not think that she would be up to full swing to get back in the thicket of things to immediately start

managing a branch. The Selma/Demopolis are in actuality two (2) distinct branch operations even the defendants make believe that Demopolis is a satellite branch. Demopolis is a two (2) hour commute from where the plaintiff resides. The plaintiff submits that her transfer and the actions of Adrian Bradley and Kim Barkley (Human Resources Manager) are in retaliation for her exercising her right to FMLA. Indeed, while Bradley and Barkley were telling the plaintiff that she was not being hired for Branch Manager vacancies in Montgomery, they hired individuals that the plaintiff trained and for whom she was their manager. Plaintiff submits that her transfer was meant to be punitive and to deny her a fair opportunity at promotion and upward mobility within Enterprise's business operations. When she was interviewed in January 2024 Bradley told her that since she was out, she would struggle to manage a branch. Indeed, he used an analogy of an injured athlete and returning. Plaintiff submits that that actions of Bradley and his representations are disingenuous and pretextual whereas the plaintiff has first-hand knowledge of his modus operandi as she recalls that he has told the plaintiff that in taking disciplinary action against an employee (referring to another employee, Wali Leroy) "when I want to get rid of an employee, I write them up and make it so uncomfortable that they will eventually leave on their own". Plaintiff submits that the defendants, by and through their agents, supervisory representatives are engaged in a pattern and practice of FMLA retaliatory conduct for her exercising FMLA rights.

7.      The plaintiff avers that she exercised rights protected by FMLA; that she was a qualified Branch Manager; that she has suffered adverse employment actions; and that the adverse employment actions have occurred under circumstances giving rise to an inference of retaliatory intent.

## FIRST FEDERAL CAUSE OF ACTION

*FMLA RETALIATION:* **Family Medical Leave Act of 1993, (FMLA), Title 29 U.S.C. § 2601** *et seq.* **alleging FMLA retaliation in violation of Section 2615(a)(2) and (b).**

Plaintiff incorporates all the allegations contained in paragraphs one (1) through seven (7) of this complaint, and further shows this Honorable Court as follows, to-wit:

8. Plaintiff avers that the actions of the defendants after she invoked her rights to FMLA benefits from her surgeries in August 2022 and November 2023, she was victim of adverse employment actions and there was a causal connection between the exercise of her rights under FMLA and the adverse employment actions. in violation of Section 2615(a)(2) and (b) of the Family Medical Leave Act. The plaintiff alleges this treatment by the defendants has adversely affected the terms and conditions of the plaintiff's employment, resulting in her seeking equitable relief and money damages against the defendants as her employer.

Respectfully submitted,

/s/ Amardo Wesley Pitters
**Amardo Wesley Pitters, Esquire**
**Attorney for the Plaintiff**
**Alabama State Bar: 8998-T64A**

**OF COUNSEL:**

*LAW OFFICES OF A. WESLEY PITTERS, P.C.*
**1145 South Perry Street (36104)**
**Post Office Box 1973**
**Montgomery, Alabama 36102-1973**
**Telephone: (334) 265-3333**
**Telecopier: (334) 265-3411**
**Email: awpitters@pitterslawfirm.com**